UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |
|---|---|
| **MIMOZA MYSLIMI et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )  Case No. 21-cv-02496 (APM) |
| **JOSEPH R. BIDEN, JR. et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

### I.

Plaintiff Mimoza Myslimi, a citizen of Albania, was selected to potentially receive a diversity immigrant visa during the 2021 fiscal year, which ended on September 30, 2021. Compl., ECF No. 1 [hereinafter Compl.], ¶ 1. Plaintiffs Gramos Myslimi and Orges Myslimi are Mimoza's spouse and minor child, respectively, and would be derivative beneficiaries were Mimoza to receive a FY 2021 diversity visa. *Id.* ¶¶ 2–3. Although Mimoza submitted requested records to the Department of State by early August 2020, *id.* ¶¶ 35–36, as of late summer of 2021, she had received no word on whether she would receive a diversity visa before the end of the fiscal year, *id.* ¶ 62.

Fearing they would lose out on their opportunity to immigrate to the United States, Plaintiffs filed this suit on August 24, 2021, in the Eastern District of Pennsylvania. *See id.* They alleged as their first claim that Defendants' failure to act on Mimoza's diversity visa application constitutes a violation of the Administrative Procedure Act. *Id.* ¶¶ 67–72. As their second claim they sought a writ of mandamus to compel Defendants to act on her diversity visa application. *Id.* ¶¶ 73–80. As relief, the Complaint sought temporary, preliminary, and permanent injunctive relief

that would compel Defendants to adjudicate Mimoza's visa application before September 30, 2021, or failing that, for the court to reserve diversity visas for Plaintiffs should the adjudication not be completed until after the close of the fiscal year. *Id.* at 21–22.

The Eastern District of Pennsylvania court transferred the case to this District on September 16, 2022. Mem., ECF No. 5; Order, ECF No. 6. The case was docketed in this District Court on September 24, 2021, and assigned to this court on September 27, 2021. *See* Case Docket. Though their Complaint demanded immediate action, Plaintiffs never filed a motion for injunctive relief either before or after the transfer. Instead, on November 17, 2021, they jointly agreed with Defendants to stay the case until the court resolved whether the case was moot because the 2021 fiscal year had expired. Jt. Mot. to Stay & to Set Briefing Schedule, ECF No. 12; Order, ECF No. 13. Defendants' motion to dismiss is now before the court. Defs.' Mot. to Dismiss, ECF No. 14-1 [hereinafter Defs.' Mot.].

## II.

The mootness of this action is settled by D.C. Circuit precedent. The D.C. Circuit in *Almaqrami v. Pompeo*, 993 F.3d 774 (D.C. Cir. 2019), addressed various scenarios of how the end of a fiscal year impacts a suit brought to compel adjudication of a diversity visa application. As pertinent here, the D.C. Circuit observed: "Sometimes a plaintiff files suit before the selection FY ends but the court fails to act on that request until after September 30, at which point the State Department lacks authority to issue a diversity visa sought in the prior fiscal year. Courts have . . . dismissed these cases as moot." *Almaqrami*, 993 F.3d at 780. That is precisely the situation presented here. Plaintiffs filed this action before the end of the fiscal year. *See* Compl. They did not, however, seek emergency relief from either the Eastern District of Pennsylvania court or this court before September 30, 2021. Because Plaintiff sought no relief before the end

of the fiscal year, none was granted. Accordingly, the case is now moot. *See Almaqrami*, 993 F.3d at 780; *see also Pushkar v. Blinken*, No. 21-cv-2297 (CKK), 2021 WL 5083438, at *2 (D.D.C. Nov. 2, 2021) (dismissing diversity visa case as moot where no judicial relief granted before the end of the fiscal year); *Sabzevari v. Blinken*, No. 21-cv-2165 (TFH), 2021 WL 4989452), at *2 (D.D.C. Oct. 27, 2021) (same).

Plaintiffs only retort is that in a different case, *Goodluck v. Biden*, 21-cv-1530 (APM) (D.D.C.), this court ordered the State Department to reserve FY 2021 diversity visas pending final disposition. Pls.' Resp. Br. in Opp'n to Defs.' Mot., ECF No. 19, at 1. But *Goodluck* does not save Plaintiffs' case. To be sure, this court in *Goodluck* did order the State Department to reserve 2021 diversity visas pending final disposition of the case. *See Filazapovich v. Dep't of State*, Case No. 21-cv-943 (APM), 2021 WL 4127726, at *26 (D.D.C. Sept. 9, 2021). But the plaintiffs in that case sought, and the court granted, injunctive relief before the end of the fiscal year. *See id.* That materially distinguishes this case from *Goodluck*. *See Gomez v. Biden*, No. 20-cv-01419 (APM), 2021 WL 3663535, at *22–23 (D.D.C. Aug. 17, 2021) (explaining why the court's equitable powers authorized it to direct the reservation of diversity visas before the end of the fiscal year); *Pushkar*, 2021 WL 5083438 at *2 (holding that the decision in *Goodluck* did not save the plaintiffs' case from mootness).

### III.

For the foregoing reasons, Defendants' Motion to Dismiss is granted. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: April 20, 2022

Amit P. Mehta
United States District Court Judge